## Holman, Administrator of Muir v. Mayhew, Administrator of Muir.

APPEAL from the *Ripley* Common Pleas.

*Per Curiam.*—The appellee filed a claim against the appellant, for cash received by said *James Muir* in his lifetime, without averring from whom it was received.

Among other things, the defendant, in his answer, set up the statute of limitations. To this a reply was filed, averring: 1. That said *James* received from said *Hiram* said money, in *May* 1843, as a technical and continuing trust, and during

his lifetime concealed said trust; and that no demand was made for said money until 1855. 2. That said *James* received said money as the agent of said *Hiram*, and during his life concealed the fact that he had received the same. 3. That one *Rea*, in 1843, paid said money to said *James*, as the money of said *Hiram*, to be by said *James* delivered to the heirs and personal representatives of said *Hiram;* that said *James* concealed the fact of such trust, &c.

A demurrer to these several paragraphs was overruled.

The first and second are bad. The second because it does not show from whom the money was received; and the first pleads a conclusion of law, instead of a statement of the facts, in averring that there was a "technical trust."

The third is bad, in not showing the consent of said *Hiram*, or averring some reason for his not consenting, to the arrangement by which money averred to be his was to be paid, not to him, but to his heirs or representatives.

The judgment is reversed, with costs. Cause remanded, &c.

*W. S. Holman*, for appellant.

*J. W. Gordon*, for appellee.